UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROGER A. BUBNER, SR.,

      Plaintiff,

v.                                       Case No. 17-cv-1621-pp

COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,

      Defendant.

## ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE (DKT. NO. 2)

On November 21, 2017, the plaintiff—who is representing himself—filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No.1. The plaintiff also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

Before allowing a plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff has the ability to pay the filing fee, and if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts presented in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he has no income and no expenses. Dkt. No. 2 at 2-3. He states that he owns a 1992 Ford truck that is inoperable and not registered, and he

has no money in case or checking/savings accounts. Id. at 3. The plaintiff further states that he "live[s] with family/friends." Id. at 4. The court concludes from that information that the plaintiff has demonstrated that he cannot pay the $350 filing fee and $50 administrative fee.

The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 Fed. 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

In his complaint, the plaintiff indicates that he has little strength in his left arm, little use of his right hand and has had a stroke. Dkt. No. 1 at 4. Also according to the plaintiff, his lawyer did not review the plaintiff's medical disk before his hearing and never spoke at the hearing to "express [the plaintiff's] injuries." Id. At this early stage in the case, and based on the information in the plaintiff's *pro se* complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No.2.

Dated in Milwaukee, Wisconsin this 13th day of December, 2017.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**United States District Judge**